UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00167-GNS-HBB

ANTHONY OWENS and
SHEILA BRYANT                                                           PLAINTIFFS

v.

CHRIS TRULOCK; LARRY DALE MARTIN, II;
SEAN HENRY; HORSE CAVE POLICE DEPARTMENT;
RANDALL CURRY; and
CITY OF HORSE CAVE, KENTUCKY                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Leave to File Motion Under Seal (DN 21), Motion to Dismiss (DN 22), and Motion for Summary Judgment (DN 23). These motions are ripe for adjudication. For the reasons that follow, Defendants' Motion for Leave to File Motions Under Seal is **GRANTED**, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**, and Defendants' Motion for Summary Judgment is **DENIED**.

### I.    BACKGROUND

Plaintiffs Anthony Owens ("Owens") and Owens' mother, Sheila Bryant ("Bryant"), (collectively "Plaintiffs") brought this action alleging harassment and a series of false arrests, charges, and prosecutions against them by Defendants Chris Trulock ("Trulock"), Larry Dale Martin II ("Martin"), and Sean Henry ("Henry"), who were employed as officers of Defendant Horse Cave Police Department ("HCPD") at all times relevant to this action. (Compl. ¶¶ 4-6, 14-50). Plaintiffs assert ten different causes of action against Defendants.

Defendants removed this action to this Court on November 21, 2018. (Notice of Removal, DN 1). After Answers by Defendants and the issuance of the Magistrate Judge's Scheduling

Order, all parties agreed, to stay discovery for six months. (Agreed Order, DN 20). Four months after the issuance of that agreed order, Defendants Trulock and Henry filed a motion for leave to file a motion to dismiss and motion for summary judgment under seal,[1] filing their motions to dismiss and for summary judgment accordingly. (Defs.' Mot. Leave File Under Seal, DN 21; Defs.' Mot. Dismiss, DN 22; Defs.' Mot. Summ. J., DN 23). Plaintiffs responded to Trulock and Henry's motions to dismiss and for summary judgment. (Pls.' Resp. Defs.' Mot. Dismiss, DN 26; Pls.' Resp. Defs.' Mot. Summ. J., DN 27). Plaintiffs also filed a Motion to Lift Stay on Discovery and to Allow Discovery Prior to Ruling on Factual Allegations Alleged in Defendants' Motion for Summary Judgment, which the Magistrate Judge granted. (Pls.' Mot. Lift Discovery Stay, DN 28). In their motion, Plaintiffs "request[ed], pursuant to FRCP 56(d), that Plaintiffs be permitted to complete discovery prior to ruling on the pending Motion for Summary Judgment." (Pls.' Mot. Lift Discovery Stay 6). The Magistrate Judge ordered "[n]o later than July 10, 2020, counsel for the parties shall complete all pretrial fact discovery relevant to the pending summary judgment motion." (Order 2, DN 39).[2]

## II.   JURISDICTION

The Court possesses federal question jurisdiction over Plaintiffs' federal law claims and supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. §§ 1331, 1367(a).

## III.   STANDARD OF REVIEW

Trulock and Henry moved to dismiss the claims asserted against them pursuant to Fed. R. Civ. P. 12(b)(6). To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6),

---

[1] Because Defendants Trulock and Henry's Motion to Seal is unopposed and because the Court finds no reason to deny this motion, this motion will be granted.
[2] Per the Magistrate Judge's ruling to allow the parties to engage in discovery pertinent to Defendants Trulock and Henry's pending summary judgment motion, the Court will deny that motion as premature with leave to refile.

2

"a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When considering Trulock and Henry's Motion to Dismiss, the Court will "accept all the Plaintiffs' factual allegations as true and construe the complaint in the light most favorable to the Plaintiffs." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

## IV. **DISCUSSION**

After granting Trulock and Henry's motion to seal and holding in abeyance their motion for summary judgment, all that remains ripe at this time is their motion to dismiss. Plaintiffs assert ten claims against Trulock and Henry in both their individual and official capacities: (1) a 42 U.S.C. § 1983 claim based on unlawful search, seizure, detention, and confinement; (2) a Section 1983 claim based on a violation of free speech; (3) a Section 1983 claim based on excessive force; (4) assault; (5) battery; (6) abuse of process; (7) malicious prosecution; (8) a Section 1983 claim based on malicious prosecution; (9) false arrest/false imprisonment; and (10) negligence. (Compl. ¶¶ 51-124).

Trulock and Henry first seek to dismiss all claims filed against them in their official capacities. (Defs.' Mem. Supp. Mot. Dismiss 4-5, DN 22-1). Regarding Plaintiffs' Section 1983 claims against Trulock and Henry in their official capacities, "federal law and not state law is

relevant for the purpose of characterizing a section 1983 claim." *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988) (citation omitted).

"Suing a government employee in his official capacity 'generally represent[s] only another way of pleading an action against an entity of which an officer is an agent.'" *Baar v. Jefferson Cty. Bd. of Educ.*, 686 F. Supp. 2d 699, 705 (W.D. Ky. 2010) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). For Section 1983 purposes, Kentucky police officers are agents of the city they serve. *See Funke v. Coogle*, No. 3:11-CV-310-H, 2013 WL 209602, at *3 (W.D. Ky. Jan. 17, 2013) (suit against Elizabethtown police officers in their official capacities "is the same as suing" the City of Elizabethtown); *see also Gibson v. City of Sturgis*, No. 4:17-CV-00021-JHM, 2017 WL 1347693, at *2 (W.D. Ky. Apr. 10, 2017) (because a police department is not an entity that may be sued, any claims asserted against it are deemed claims against the city where the police department is located). So, any claims against Trulock and Henry in their official capacities are really suits against the City of Horse Cave. The City of Horse Cave, Kentucky, is a defendant in this action and is a municipality subject to a Section 1983 claim. *See Funke*, 2013 WL 209602, at *3 (City of Elizabethtown, Kentucky, is a municipality subject to Section 1983 claims); *see also Springfield v. Kentucky*, No. 4:12-CV-P22-M, 2012 WL 2571162, at *2 (W.D. Ky. July 2, 2012) (City of Madisonville, Kentucky, is a municipality subject to Section 1983 claims). "[W]hen a § 1983 complaint asserts a claim against a municipal entity and a municipal official in his or her official capacity, federal courts will dismiss the official-capacity claim." *Thorpe ex rel. D.T. v. Breathitt Cty. Bd. of Educ.*, 932 F. Supp. 2d 799, 802 (E.D. Ky. 2013) (citing *Doe v. Claiborne Cty. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 509 (6th Cir. 1996); *Baar*, 686 F. Supp. 2d at 704). As such, Plaintiffs' Section 1983 claims against Trulock and Henry in their official capacities will be dismissed with prejudice. *See Clark v. Kentucky*, 229 F. Supp. 2d 718,

729 (E.D. Ky. 2002) (dismissing with prejudice duplicative claims against government officials in their official capacities).

With respect to Plaintiffs' state law claims against Trulock and Henry in their official capacities, "state substantive law is controlling on pendent state claims raised in federal court." *Wynn v. Morgan*, 861 F. Supp. 622, 636-37 (E.D. Tenn. 1994) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Under Kentucky law, claims against government officials in their official capacities are "legally indistinguishable" from claims against the entity to which the government officials serve as an agent. *Cabinet for Health & Family Servs. v. Hicks*, No. 2009-CA-002186-MR, 2010 WL 3604161, at *3 (Ky. App. Sept. 17, 2010); *see also Commonwealth v. Harris*, 59 S.W.3d 896, 899 (Ky. 2001) (official capacity claims against county employees "are in essence . . . claims against the county") (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.")). Because Kentucky courts recognize this rule and the City of Horse Cave is a defendant in this action, "the court has the discretion to dismiss [a plaintiff's state law] official capacity claims against individuals working for th[e] government entity as duplicative." *Doe v. Durham Pub. Sch. Bd. of Educ.*, No. 1:17-CV-773, 2019 WL 331143, at *20 (M.D.N.C. Jan. 25, 2019) (citations omitted); *see also Rose v. Cty. of Nassau*, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (dismissing state law claims against government officials in their official capacities as duplicative). As such, the Court will exercise its discretion and dismiss with prejudice Plaintiffs' state law claims against Trulock and Henry in their official capacities, as well.

Trulock and Henry next argue that Plaintiffs' claims for "violations of Section 1983" must be dismissed because "it remains true that one cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything." (Defs.' Mem. Supp. Mot. Dismiss 5-6); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). In other words, Section 1983 "does not establish any substantive rights, but rather provides the plaintiff with a cause of action if a specific portion of the United States Constitution has been violated." *Lafferty v. Bd. of Educ. of Floyd Cty.*, 133 F. Supp. 2d 941, 944 (E.D. Ky. 2001) (citations omitted). Trulock and Henry's argument in this respect fails, however, because Plaintiffs have identified specific constitutional provisions alleged to have been violated within the paragraphs expounding on the basis for their respective claims. (Compl. ¶¶ 52-55, 61-64, 73, 111). Construing Plaintiffs' Complaint "so as to do justice[,]" Plaintiffs have not merely articulated a Section 1983 claim. Rather, Plaintiffs have alleged violations of specific constitutional provisions and have used Section 1983 as the vehicle for asserting those claims. *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Trulock and Henry's argument in this regard is without merit.

Trulock and Henry further assert that three constitutional provisions—the Fifth Amendment's Due Process Clause, the Eighth Amendment's Cruel and Unusual Punishment Clause, and the Fourteenth Amendment's Due Process Clause—cannot form the basis for some of Plaintiffs' claims, and, that such claims should be dismissed. (Defs.' Mem. Supp. Mot. Dismiss 6-11). Plaintiffs do not refute Trulock and Henry's contentions, but instead point to other constitutional provisions that form the bases for their Section 1983 claims. (Pls.' Resp. Defs.' Mot. Dismiss 6-8, DN 26).

Trulock and Henry correctly argue that the Fifth Amendment's Due Process Clause cannot form the basis for any of Plaintiffs' Section 1983 claims because Trulock and Henry are not federal

employees or agents and the Fifth Amendment's Due Process Clause does not apply to the actions of non-federal employees or agents. *See Dickerson v. Ky. Corr. Psychiatric Ctr.*, No. 3:15-cv-P724-DJH, 2016 WL 270460, at *2 (W.D. Ky. Jan. 21, 2016) ("[T]o the extent Plaintiff is attempting to rely on the Due Process Clause of the Fifth Amendment, it circumscribes only the actions of the federal government. Here, the actions of state officials are at issue. Thus, the Court will dismiss the Fifth Amendment claim." (citations omitted)); *Jones v. Ky. State Police, Post 15*, No. 1:18-CV-P34-GNS, 2018 WL 4008783, at *3 (W.D. Ky. Aug. 22, 2018) (same) (citations omitted); *see also Scott v. Clay Cty.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) (Because "the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government[,] . . . the instant complainant's citation to the Fifth Amendment Due Process Clause [as the basis for a Section 1983 claim] was a nullity . . . ."). Therefore, to the extent Plaintiffs rely on violations of the Fifth Amendment's Due Process Clause to assert Section 1983 claims, those claims are dismissed.

Trulock and Henry also correctly assert that a Section 1983 claim cannot be based on the Eighth Amendment's Cruel and Unusual Punishment Clause because that clause applies only to prisoners incarcerated after a criminal conviction and Plaintiffs admit in the Complaint that all criminal charges against them attributable to Defendants in this case were dismissed. (Compl. ¶¶ 41-42); *see Danese v. Asman*, 670 F. Supp. 709, 715 (E.D. Mich. 1987) (dismissing plaintiff's Section 1983 claim for alleged violation of Eighth Amendment's Cruel and Unusual Punishment Clause because that provision "applies only to prisoners incarcerated after a criminal conviction" and "[s]ince [plaintiff] was not convicted of a crime, the eighth amendment is not directly applicable."); *see also City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional

guarantees traditionally associated with criminal prosecutions. . . . [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt . . . ." (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977))); *Neal v. Dorch*, No. 3:09-CV-P766-S, 2010 WL 1141211, at *4 (W.D. Ky. Mar. 22, 2010) ("The Eighth Amendment . . . applies only to convicted prisoners."). Therefore, to the extent Plaintiffs rely on violations of the Eighth Amendment's Cruel and Unusual Punishments Clause to assert Section 1983 claims, those claims are dismissed.

Trulock and Henry next contend that the Fourteenth Amendment's Due Process Clause cannot form the basis for Plaintiffs' Section 1983 claims based on excessive force and unreasonable search and seizure for lack of probable cause or reasonable suspicion. (Defs.' Mem. Supp. Mot. Dismiss 7-10). First, regarding Plaintiffs' excessive force claim, "[i]n addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (1989) (citation omitted). As the Sixth Circuit has explained:

> The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that "arise[] in the context of an arrest or investigatory stop of a free citizen," while the Eighth Amendment's ban on cruel and unusual punishment applies to excessive-force claims brought by convicted criminals serving their sentences. When neither the Fourth nor the Eight Amendment serves to protect citizens, courts have applied the Fourteenth Amendment. . . . [W]hich amendment applies depends on the status of the plaintiff at the time of the incident, whether free citizen, convicted prisoner, or something in between.

*Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010) (internal citations omitted) (citation omitted). This Court has also stated:

> The scope of Fourth Amendment protection depends in part on whether the individual was arrested pursuant to a warrant or not. Concerning the latter, the Fourth Amendment "protects pre-trial detainees arrested without a warrant through completion of their probable cause hearing." As to those arrested pursuant to a

warrant, the breadth of [the] Fourth Amendment's protection is reduced and only lasts during the actual seizure of the individual."

*Scherzinger v. Bolton*, No. 3:11-CV-11-H, 2013 WL 3166163, at *4 (W.D. Ky. June 20, 2013) (internal citation omitted) (citing *Phelps v. Coy*, 286 F.3d 295, 300 (6th Cir. 2002)).

Owens' allegation of excessive force points to events occurring in the course of his warrantless arrest. (Compl. ¶¶ 21-26). Owens therefore cannot rely on the Fourteenth Amendment's Due Process Clause as a basis for his excessive force claim because the Fourth Amendment instead governs. To the extent Owens relies on the Fourteenth Amendment's Due Process Clause as a basis for his excessive force claim, that claim will be dismissed.

Bryant does not specify whether Trulock and Henry obtained a warrant prior to her arrest but alleges that she was subject to excessive force during that arrest. (Compl. ¶ 33). Bryant also alleges that "[a]fter her arrest Sheila Bryant was taken in custody to the police station, where she was again subjected to unlawful and excessive physical force by the Officer Defendants." (Compl. ¶ 37). Based on Bryant's pleadings, she may have been subjected to excessive force during her arrest, an event governed by the Fourth Amendment regardless of the existence of a warrant. Bryant also alleges she was subjected to excessive force at the police station by Trulock and Henry. Viewing the facts as pleaded by Bryant in the light most favorable to her, Bryant's contention in Paragraph 37 of the Complaint suggests that she remained in the custody of the arresting officers at the time they allegedly used excessive force upon her at the police station. As such, the Fourth Amendment governs Bryant's claims for excessive force. To the extent she relies on the Fourteenth Amendment's Due Process Clause as a basis for his excessive force claims, those claims will be dismissed.[3]

---

[3] This discussion is largely semantic after the U.S. Supreme Court's decision in *Kinglsey v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015), holding that the appropriate standard for reviewing

9

Regarding Plaintiffs' Section 1983 claim based on unreasonable search and seizure for lack of probable cause or reasonable suspicion, "reliance on the Due Process Clause is misplaced . . . because it is the Fourth Amendment which establishes procedural protections in this part of the criminal justice area." *Huston v. Felder*, No. 5:07-183-JMH, 2008 WL 4186893, at *4 (E.D. Ky. Sept. 10, 2008) (dismissing Section 1983 claim alleging violation of Fourteenth Amendment's Due Process Clause based on an unreasonable search and seizure for lack of probable cause because Fourth Amendment governs claim instead); *see also Arbuckle v. City of Chattanooga*, 696 F. Supp. 2d 907, 921 (E.D. Tenn. 2010) ("Where a plaintiff's claims under the Fourteenth Amendment arise out of a common nucleus of facts and pertain to an alleged wrongful search or seizure, it is appropriate to analyze such claims under the reasonableness standard of the Fourth Amendment instead of an analysis of substantive due process rights." (citations omitted)); *see generally Manuel v. City of Joliet*, 137 S. Ct. 911, 919 (2017) (discussing application of Fourth Amendment to plaintiff's claim for allegedly unlawful arrest without probable cause). As such, to the extent Plaintiffs allege unreasonable search and seizure for lack of probable cause or reasonable suspicion claims premised on the Fourteenth Amendment's Due Process Clause, those claims are dismissed.

Finally, regardless of the veracity of Trulock and Henry's assertions, Plaintiffs have identified different constitutional provisions for each of their Section 1983 claims that Trulock and Henry do not challenge as giving rise to such a claim. Plaintiffs' Section 1983 claim for unlawful search and seizure for lack of probable cause or reasonable suspicion asserts the Fourth

---

a pretrial detainee's Fourteenth Amendment excessive force claim is simply objective reasonableness. "Since *Kinglsey*[,] . . . whether the Fourth or Fourteenth Amendment standard applies presents less of a problem in cases" since objective reasonableness is the hallmark of a Fourth Amendment excessive force claim, as well. *Miranda-Rivera v. Toledo-Davila*, 813 F.3d 64, 70 (1st Cir. 2016).

Amendment as one of its bases. (Compl. ¶¶ 52, 54). Plaintiffs' Section 1983 claim based on a violation of free speech recognizes the First and Fourteenth[4] Amendments as two of its bases. (Compl. ¶¶ 61-64). Plaintiffs' Section 1983 claim for excessive force states the Fourth Amendment as one of its bases. (Compl. ¶ 73). Finally, Plaintiffs' Section 1983 claim based on malicious prosecution recognizes the Fourth and Fourteenth[5] Amendments as two of its bases. (Compl. ¶ 111). As such, although Trulock and Henry are correct in asserting that Plaintiffs cannot base some of their Section 1983 claims for violations of some of the constitutional provisions Plaintiffs identify, Trulock and Henry do not make arguments dispelling *all* of the constitutional provisions cited by Plaintiffs. Therefore, Plaintiffs' Section 1983 claims will not be dismissed in their entirety.

## V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Leave to File Under Seal (DN 21) is **GRANTED**;

2. Defendants' Motion to Dismiss (DN 22) is **GRANTED IN PART** and **DENIED IN PART**. All claims against Defendants Trulock and Henry in their official capacities are **DISMISSED WITH PREJUDICE**. To the extent Plaintiffs rely on violations of the Fifth Amendment's Due Process Clause to assert Section 1983 claims, those claims are **DISMISSED**. To the extent Plaintiffs rely on violations of the Eighth Amendment's Cruel and Unusual Punishment Clause to assert Section 1983 claims, those claims are **DISMISSED**. To the extent Plaintiffs rely on violations of the Fourteenth Amendment's Due Process Clause as a basis for their

---

[4] Trulock and Henry make no specific argument to dismiss Plaintiffs' Section 1983 claim based on a violation of free speech in reliance in part upon the Fourteenth Amendment.

[5] As with Plaintiffs' Section 1983 violation of free speech claim, Trulock and Henry do not specifically argue for the dismissal of the Section 1983 claims for malicious prosecution under the Fourteenth Amendment.

excessive force claims, those claims are **DISMISSED**. To the extent Plaintiffs rely on violations of the Fourteenth Amendment's Due Process Clause as bases for their unreasonable search and seizure for lack of probable cause or reasonable suspicion claims, those claims are **DISMISSED**. All other claims survive.

      3.      Defendants' Motion for Summary Judgment (DN 23) is **DENIED** as premature with leave to refile.

Greg N. Stivers, Chief Judge
United States District Court

January 22, 2020

cc:    counsel of record