UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00167-GNS-HBB

ANTHONY OWENS; and
SHEILA BRYANT                                                                                          PLAINTIFFS

v.

CHRIS TRULOCK; LARRY DALE MARTIN, II;
SEAN HENRY; HORSE CAVE POLICE DEPARTMENT;
RANDALL CURRY; and CITY OF HORSE CAVE, KENTUCKY                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Dismiss (DN 79) and Defendants Trulock's and Henry's Motions to Redocket (DNs 80, 82). The motions are ripe for adjudication. For the reasons below, Plaintiffs' motion is **GRANTED**, and Defendants' motions are **DENIED**.

### I.  SUMMARY OF THE FACTS

Plaintiffs Anthony Owens and Sheila Bryant (jointly "Plaintiffs") initiated this action against Defendants Chris Trulock ("Trulock") and Sean Henry ("Henry"), who were employed as officers of Defendant Horse Cave Police Department ("HCPD"), and others. (Compl. ¶¶ 1-5, 8-9, 14-50, DN 1-1). The parties ultimately sought resolution through mediation. (Order, DN 69).

The mediator reported that the parties reached a settlement agreement. (Report 2, DN 70). As such, the action was dismissed pending a proposed agreed order for dismissal with prejudice, providing that motions to redocket would be heard if the settlement was not consummated. (Order, DN 71). Trulock and Henry objected to the settlement. (Def.'s Notice Obj., DN 73; Suppl. Report, DN 76).

A proposed agreed order was not feasible given these objections, so Plaintiffs instead move to dismiss the action with prejudice. (Pls.' Mot. Dismiss, DN 79). Trulock and Henry responded with motions to redocket the action, arguing that they did not consent to the settlement and that they might, but have yet to, assert cross- or counterclaims. (Def.'s Mot. Redocket, DN 80 [hereinafter Trulock's Mot. Redocket]; Def.'s Mot. Redocket, DN 82 [hereinafter Henry's Mot. Redocket]).

## II. JURISDICTION

The Court maintains federal question subject-matter jurisdiction over this action and exercises supplemental jurisdiction over the state law claims. *See* 28 U.S.C. §§ 1331, 1367(a).

## III. DISCUSSION

Settlement agreements are "contract[s] binding on, and enforceable by, the parties just like any other contract," and courts possess "broad, inherent authority and equitable power" to enforce them. *Smith v. HPR Clinic, LLC*, 836 F. App'x 431, 432 (6th Cir. 2021); *Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000) (internal quotation marks omitted) (citation omitted). However, the court must first "conclude that [an] agreement has been reached on all material terms" under Kentucky law. *Glidden Co. v. Kinsella*, 386 F. App'x 535, 540 (6th Cir. 2010) (internal quotation marks omitted) (citation omitted); *Bamerilease Cap. Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992) (explaining that settlement agreements are governed by the law of the state where it was made).

There is no dispute that Plaintiffs settled their claims with Defendants' insurance carrier—Kentucky League of Cities Insurance Services ("KLCIS")—and signed a release of their claims against all Defendants, including Trulock and Henry. (*See* Pls.' Mot. Dismiss; Trulock's Mot. Redocket; Henry's Mot. Redocket; Def.'s Resp. Pls.' Mot. Dismiss 1, DN 86). The question

instead is whether KLCIS had the authority to settle the claims without Trulock's or Henry's consent. (Def.'s Resp. Pls.' Mot. Dismiss 1, DN 88; Def.'s Resp. Pls.' Mot. Dismiss 1, DN 90 [collectively hereinafter Defs.' Resps. Pls.' Mot. Dismiss]). Trulock and Henry do not contest that Plaintiffs' release applies to them in the event KLCIS has the requisite authority.

HCPD has provided the relevant Law Enforcement Liability Policy (the "Policy") between the City of Horse Cave and KLCIS. (*See* Defs.' Resp. Defs.' Mots. Redocket Ex. A, DN 85-1 [hereinafter Policy]). The Policy provides that the City of Horse Cave and its employees are the insured parties, and KLCIS "will have the right and duty to defend any 'Suit' seeking covered damages" with the authority to "investigate and settle any claim or 'Suit' at [its] discretion . . . ." (Policy 1, 6, 14). The Policy further states that KLCIS maintains "the right to settle any 'Claim' without the consent of the 'Member,'" although "Member" does not appear to be specifically defined. (Policy 7). Regardless, the remaining provisions do not require KLCIS to obtain consent from an insured party prior to settling claims.

Kentucky's highest court[1] has recognized that "the insurer may effect any compromise and release of the claim or suit of a third person it considers just and advantageous, provided in doing so it acts in good faith," which is supported by "the standard liability insurance policy ordinarily giv[ing] the insurer the right to make such investigation, negotiation and adjustment of any claim or suit it deems necessary . . . ." *Bratton v. Speaks*, 286 S.W.2d 526, 527 (Ky. 1956); *cf. Bottoms v. Bottom*, 880 S.W.2d 559, 561 (Ky. App. 1994) (acknowledging that *Bratton* "is still the law in Kentucky."). An insurer acting in good faith is permitted to act independently, and "not [be] required to consult the interest of the insured to the exclusion of its own interest," when deciding

---

[1] The parties do not question that Kentucky law governs this dispute over a contract and claims among Kentucky residents.

whether to settle claims against an insured party. *Bratton*, 286 S.W.2d at 527; *Am. Sur. Co. of N.Y. v. J. F. Schneider & Son, Inc.*, 307 S.W.2d 192, 195 (Ky. 1957), *overruled on other grounds by Manchester Ins. & Indem. Co. v. Grundy*, 531 S.W.2d 493 (Ky. 1975); *see Am. Sur. Co. of N.Y.*, 307 S.W.2d at 196 ("So long as it acts in good faith, considering the interest of the insured as well as its own, and not capriciously, an insurer cannot be required to settle a case rather than to litigate a doubtful issue or to bear the financial burden imposed on the insured if ultimate liability should exceed the policy limit." (citation omitted)); *cf. Am. Physicians Assurance Corp. v. Schmidt*, 187 S.W.3d 313, 317 (Ky. 2006) (citing *Am. Sur. Co. of N.Y.*, 307 S.W.2d at 195, and other cases when referring to "the usual case in which the policy gives the insurer absolute control over settlement"). Notably, "the insured should not be bound by any agreement of which he had no knowledge and to which he did not give his consent, affecting a claim he might have against a third party . . . ." The settlement reached by the parties in this instance, however, had no impact on any third-party claims, nor could it because no such claims were asserted by Henry or Trulock. *Bratton*, 286 S.W.2d at 528; (Defs.' Resps. Pls.' Mot. Dismiss (asserting that KLCIS must defend and indemnify them)).

Trulock and Henry argue that KLCIS acted in bad faith by settling the claims, as KLCIS purportedly made a self-serving business decision against Trulock's and Henry's best interests of vindication by trial. (Defs.' Resps. Pls.' Mot. Dismiss). KLCIS' decision to settle the claims, even if self-serving, does not amount to bad faith: there is no suggestion that the objecting officers are somehow prejudiced by the dismissal of the claims asserted against them by Plaintiffs. Trulock and Henry also claim the settlement creates an impression they acted wrongfully or illegally. (Defs.' Resps. Pls.' Mot Dismiss 1). To the contrary, Plaintiffs have released all such claims against Trulock and Henry without any finding of fault or wrongdoing by them. Further, Kentucky

4

law recognizes that "a voluntary payment in settling a claim is 'not necessarily an admission' of liability[,] [and] '[m]any disputed claims are settled for a variety of reasons without any admission of actual liability.'" *Ky. Nat'l Ins. Co. v. Lester*, 998 S.W.2d 499, 504 (Ky. App. 1999) (internal citation omitted) (citation omitted)).

Henry opposes dismissal of the action, "unless the Plaintiffs are willing to acknowledge, on the record, that the claims against him are baseless and dismissal of the claims against him is sought for that reason." (Def.'s Resp. Pls.' Mot. Dismiss 2, DN 90). Given that neither Henry nor Trulock asserted any claims in this action against Plaintiffs or any third parties, their stated desire for some remedy at this point is unfounded. Even if Trulock and Henry now wished to bring cross- or counterclaims to "clear their names", the deadline for amending their pleadings has long since expired. (*See* Agreed Order 1, DN 52). Trulock and Henry have not explained any basis for these potential claims, nor have they demonstrated any justification for their failure to seek timely amendment of their pleadings to assert claims for "vindication." Therefore, Trulock's and Henry's motions to redocket are denied.

Accordingly, Plaintiffs move to dismiss the action with prejudice, as an agreed order of dismissal was unattainable. (Pls.' Mot. Dismiss). Trulock's and Henry's opposition to the motion only stems from arguments discussed above, and the issue of dismissal with or without prejudice was not mentioned.[2] (Defs.' Resps. Pls.' Mot. Dismiss). Fed. R. Civ. P. 41(a)(2) provides that courts may dismiss the action upon a plaintiff's request. Dismissal of an action without prejudice

---

[2] In their motion, Plaintiffs cite Fed. R. Civ. P. 41(b) when requesting the Court dismiss the action with prejudice, which they later concede was a typographical error and clarify that the motion is made pursuant to Fed. R. Civ. P. 41(a)(2). (Pls.' Mot. Dismiss 1; Pls.' Reply Mot. Dismiss 1, DN 92). Rule 41(b) governs involuntary dismissals against a plaintiff, while Rule 41(a)(2) governs a plaintiff's voluntary dismissal by court order. The Court declines to deny the motion on this error alone, notwithstanding Trulock's and Henry's insistence, as Plaintiffs' requested relief was clear despite the misstatement.

is in error when the nonmovant "would suffer 'plain legal prejudice' as a result," and courts consider several factors to determine whether prejudice exists: the nonmovant's trial preparation effort and expenses; the plaintiff's excessive delay and lack of diligence in prosecuting the action; an insufficient explanation for dismissal; and whether the defendant has moved for summary judgment. *Grover ex rel. Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citations omitted). These factors favor dismissal with prejudice, as the parties have settled the claims after considerable litigation. Moreover, dismissal with prejudice would foreclose Plaintiffs from seeking any future recovery from Defendants, including Trulock and Henry. Thus, Plaintiffs' Complaint is dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Dismiss with Prejudice (DN 79) is **GRANTED**, and Defendants Trulock's and Henry's Motions to Redocket the Action (DNs 80, 82) are **DENIED**. Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

April 11, 2023

cc: counsel of record